UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | No. 2:12-cv-2171 KJN P |
| Plaintiff, | |
| v. | ORDER |
| RICK HILL, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff requests that the court appoint counsel.

      District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of

1 legal education and limited law library access, do not establish exceptional circumstances that
2 warrant a request for voluntary assistance of counsel.

3     On June 6, 2014, the undersigned granted plaintiff thirty days to file an amended
4 complaint.  In the pending motion for appointment of counsel, plaintiff alleges that prison
5 officials misplaced some of his legal property in July 2013.  Plaintiff alleges that without access
6 to his legal property, he cannot prove his claims.

7     At this time, plaintiff is not required to prove his claims.  Plaintiff is only required to file a
8 complaint that passes the screening standard, i.e., the court may dismiss complaints or a portion
9 thereof if the prisoner has raised claims that are legally frivolous or malicious, fail to state a claim
10 upon which relief may be granted, or that seek monetary relief from a defendant who is immune
11 from such relief.  28 U.S.C. § 1915A(b)(1), (2).  For these reasons, plaintiff does not require
12 appointment of counsel to prepare his amended complaint.[1]

13     Having considered the factors under Palmer, the court finds that plaintiff has failed to
14 meet his burden of demonstrating exceptional circumstances warranting the appointment of
15 counsel at this time.

16     Accordingly, IT IS HEREBY ORDERED that plaintiff's June 16, 2014 motion for the
17 appointment of counsel (ECF No. 12) is denied without prejudice.

18 Dated:  June 25, 2014

20 cole2171.31.kjn

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] As discussed in the June 6, 2014 order, plaintiff is not required to amend his complaint.  If plaintiff does not file an amended complaint, this action will proceed on those claims found colorable against defendants Hill, Fransham and Beames.