UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAHDI COLEMAN, | No. 2:12-cv-2171 TLN KJN P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| RICK HILL, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner proceeding without counsel in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On October 16, 2014, defendants Rick Hill and N. Fransham filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12.  (ECF No. 23.)  For the reasons set forth below, the court recommends that the motion be granted and that defendants Hill and Fransham be dismissed from this action.

    Previously, on July 8, 2014, the court advised plaintiff that motions to dismiss shall be briefed pursuant to Local Rule 230(l).  (ECF No. 15.)   Plaintiff was also advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.  (Id.)

    On December 2, 2014, plaintiff was ordered to file an opposition or a statement of non-opposition to the pending motion within thirty days.  In that same order, plaintiff was advised that failure to oppose the motion would be deemed as consent to have the:  (a) pending motion

1

1   granted; (b) action dismissed for lack of prosecution; and (c) action dismissed based on plaintiff's
2   failure to comply with these rules and a court order.  Plaintiff was also informed that failure to file
3   an opposition would result in a recommendation that this action be dismissed pursuant to Rule
4   41(b) of the Federal Rules of Civil Procedure.

5         The thirty day period has now expired and plaintiff has not responded to the court's order.
6   "Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for
7   failure to comply with any order of the court." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.
8   1992). "In determining whether to dismiss a case for failure to comply with a court order the
9   district court must weigh five factors including:  '(1) the public's interest in expeditious
10  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
11  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
12  availability of less drastic alternatives.'" Ferdik, 963 F.2d at 1260-61 (quoting Thompson v.
13  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986)); see also Ghazali v. Moran, 46 F.3d 52, 53
14  (9th Cir. 1995).

15        In determining to recommend that this action be dismissed as against defendants
16  Fransham and Hill, the court has considered the five factors set forth in Ferdik.  Here, as in
17  Ferdik, the first two factors strongly support dismissal of this action.  The action has been
18  pending for more than two years.   Plaintiff's failure to comply with the Local Rules and the
19  court's prior orders suggests that plaintiff has abandoned the action, at least as to these
20  defendants, and that further time spent by the court thereon will consume scarce judicial resources
21  in addressing litigation which plaintiff demonstrates no intention to pursue.

22        Under the circumstances of this case, the third factor, prejudice to defendants from
23  plaintiff's failure to oppose the motion, also favors dismissal.  Plaintiff's failure to oppose the
24  motion prevents defendants Fransham and Hill from addressing plaintiff's substantive opposition,
25  and would delay resolution of this action, thereby causing all defendants to incur additional time
26  and expense.

27        The fifth factor also favors dismissal.  The court has advised plaintiff of the requirements
28  under the Local Rules and granted ample additional time to oppose the pending motion, all to no

1    avail.  The court finds no suitable alternative to dismissal of this action as against defendants
2    Fransham and Hill.
3         The fourth factor, public policy favoring disposition of cases on their merits, weighs
4    against dismissal of this action as a sanction.  However, for the reasons set forth supra, the first,
5    second, third, and fifth factors strongly support dismissal.  Under the circumstances of this case,
6    those factors outweigh the general public policy favoring disposition of cases on their merits.  See
7    Ferdik, 963 F.2d at 1263.
8         For the foregoing reasons, IT IS HEREBY RECOMMENDED that the motion to dismiss
9    (ECF No. 23) be granted and that this action be dismissed without prejudice as to defendants
10   Fransham and Hill pursuant to Federal Rule of Civil Procedure 41(b).
11        These findings and recommendations are submitted to the United States District Judge
12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
13   after being served with these findings and recommendations, any party may file written
14   objections with the court and serve a copy on all parties.  Such a document should be captioned
15   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
16   objections shall be filed and served within fourteen days after service of the objections.  The
17   parties are advised that failure to file objections within the specified time may waive the right to
18   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
19   Dated:  February 24, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cole2171.nooppo.mtd.fr.kjn